UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:24-cv-124-MOC-DCK

| MARCHA L.M. RODGERS, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | |
| NVR INC.-RYAN HOMES, COSTNER LAW OFFICE, PLLC, KUESTER MANAGEMENT GROUP, and FLAGSTAR BANK, | ) | **ORDER** |
| Defendants. | ) | |

**THIS MATTER** is before the Court on Defendant NVR, Inc.-Ryan Homes's Motion to Dismiss, (Doc. No. 5); Defendant NVR, Inc.-Ryan Homes's Request for Judicial Notice of Public Documents, (Doc. No. 6); Defendant Kuester Management Group, LLC's Motion to Dismiss, (Doc. No. 16); Defendant Costner Law Office, PLLC's Motion to Dismiss, (Doc. No. 18); Defendant Flagstar Bank's Motion to Dismiss, (Doc. No. 28); Plaintiff's Motion for Summary Judgment, (Doc. No. 32); the Magistrate Judge's Memorandum and Recommendation ("M&R"), (Doc. No. 40), recommending that this Court grant Defendants' motions to dismiss; Plaintiff's Objection to the M&R, (Doc. No. 41); and Defendants' replies, (Doc. Nos. 42, 43, 44).

**I. BACKGROUND**

Neither party has objected to the M&R's statement of the factual and procedural background of this case. Therefore, the Court adopts the facts as set forth in the M&R.

**II. STANDARD OF REVIEW**

1

A district court may assign dispositive pretrial matters, including motions to dismiss, to a magistrate judge for "proposed findings of fact and recommendations." 28 U.S.C. § 636(b)(1)(A) & (B). The Federal Magistrate Act provides that a district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). However, "when objections to strictly legal issues are raised and no factual issues are challenged, de novo review of the record may be dispensed with." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). De novo review is also not required "when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Id. Similarly, when no objection is filed, "a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72, advisory committee note).

A district court need not review issues that are beyond the subject of an objection. Thomas v. Arn, 474 U.S. 140, 149 (1985); Camby, 718 F.2d at 200. Thus, "[a]n 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." Aldrich v. Bock, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004). General or conclusory objections result not only in the loss of de novo review by the district court but also in waiver of appellate review. Tyler v. Beinor, 81 F. App'x 445, 446 (4th Cir. 2003) (per curiam); United States v. Woods, 64 F. App'x 398, 399 (4th Cir. 2003) (per curiam). Upon careful review of the record, a district court may accept, reject, or modify the findings or recommendations made by the magistrate judge. Battle v. U.S. Parole Comm'n, 834

F.2d 419, 421 (5th Cir. 1987).

A pro se complaint shall be construed more liberally than a complaint filed by a licensed attorney. Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). However, this principle "does not require [district] courts to conjure up questions never squarely presented to them." Id. Accordingly, this Court must construe pro se Plaintiff's complaint liberally to ensure that "meritorious claims are not tripped up in court on technical niceties," yet need not "anticipate all arguments that clever counsel may present in some appellate future." Id.

**III. DISCUSSION**

Under Rule 72(b) of the Federal Rules of Civil Procedure, a district court judge shall make a de novo determination of any portion of an M&R to which specific written objection has been made. At the outset, Plaintiff's objection largely resembles her responses to the magistrate judge's order to show cause and the motions to dismiss. (Doc. Nos. 26, 31, 41). Overall, she makes general and conclusory objections with the M&R without pointing to any errors in its reasoning. (Id.). For example, Plaintiff argues that "my claim of breach of contract is valid. I did not agree to a special warranty deed." (Doc. No. 41 at 1). She further argues that "the wire fraud comes in when the documents were transported across state lines and filed as true" and "changing the status of my title is illegal, and constitue [sic] fraud." (Id.). She continues: "I believe the transfer was to hide the true directive, to make it not look like a predatory loan and there [sic] victimization of me. There is nothing up to this point, has been benefical [sic] for me. The escow [sic], billing and taxes all has been design [sic] to be deceptive and abusive." (Id. at 2).

In one instance, Plaintiff seemingly points to a specific line in the M&R and argues that "they say that transferring the mortgage to a new company or servicer upset me. This is not true

3

and they said that this is routine and common and legal. If it is so common and routine, then why is it a law against. (Fair Debt Collection Practices Act, 15 USC 1692)." (Doc. No. 41 at 1). It appears to the Court that Plaintiff takes issue with the M&R's reference to this Court's order in Plaintiff's previous case, in which this Court noted that Plaintiff "may be upset that her mortgage was transferred to a new company to service her mortgage," but such a transfer is "routine, common, and legal." (Doc. No. 40 at 7 (quoting Rodgers v. NVR Inc.-Ryan Homes, No. 3:23-CV-179-MOC-WCM, 2023 WL 8459847, at *3 n.4 (W.D.N.C. Dec. 6, 2023)). Notably, Plaintiff has not stated a claim nor alleged facts supporting a claim under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et. seq.

Even considering the leniency granted to Plaintiff's filings, this Court finds that Plaintiff failed to make sufficiently clear objections directing the Court to a specific error in the magistrate judge's proposed findings and recommendations or otherwise rebut the magistrate judge's sound reasoning. That Plaintiff disagrees with the M&R's result is insufficient. Nevertheless, having conducted a full review of the M&R, Plaintiff's objections, and other documents of record, this Court finds that the recommendation of the magistrate judge is, in all respects, in accordance with the law. Accordingly, the Court **ADOPTS** the recommendation of the magistrate judge as its own.

Having concluded that Defendants' motions to dismiss will be granted, the Court denies as moot Plaintiff's Motion for Summary Judgment, which was not referred to the magistrate judge for recommendation.

IV. **CONCLUSION**

**IT IS, THEREFORE, ORDERED** that:

1. The Magistrate Judge's M&R, (Doc. No. 40), is **ADOPTED**;

2. Defendant NVR, Inc.-Ryan Homes's Request for Judicial Notice of Public Documents, (Doc. No. 6), is **GRANTED**;

3. Defendants' Motions to Dismiss, (Doc. Nos. 5, 16, 18, 28), are **GRANTED**;

4. Plaintiff's Motion for Summary Judgment, (Doc. No. 32), is **DENIED AS MOOT**; and

5. The Clerk of Court is directed to close this case.

Signed: April 1, 2025

Max O. Cogburn Jr.
United States District Judge